Filed 7/30/13  Gibson v. Fleming CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX


| | |
|---|---|
| NEIL B. GIBSON,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>NICK FLEMING,<br><br>   Defendant and Appellant. | 2d Civil No. B245356<br>(Super. Ct. No. 56-2012-00414762-CU-DF-VTA)<br>(Ventura County) |


        Nick Fleming appeals an order denying his special motion to strike plaintiff's complaint pursuant to the anti-"SLAPP" (strategic lawsuit against public participation] statute.  (Code Civ. Proc., § 425.16, subd. (b)(1).)[1]  We conclude that Fleming did not establish that the complaint arose from the exercise of his constitutional rights of petition or free speech in connection with a public issue, and affirm.  (*Hall v. Time Warner, Inc.* (2007) 153 Cal.App.4th 1337, 1347 [statement of general rule]; *Gallagher v. Connell* (2004) 123 Cal.App.4th 1260, 1271-1274.)

*FACTS AND PROCEDURAL HISTORY*

        On March 28, 2012, Neil B. Gibson filed a complaint against Fleming, alleging causes of action for libel, slander, intentional infliction of emotional distress, and misappropriation of the common law right of publicity.  Gibson alleged that Fleming stated falsely in Internet blogs and other web-based communications that Gibson

---

[1] All further statutory references are to the Code of Civil Procedure.

committed fraud, associated with organized crime, and threatened Fleming. Gibson also alleged that Fleming falsely stated that Gibson was a "[t]errorist," a "[s]py," and the "[f]amous Philipino Phanthom."

On June 15, 2012, Fleming filed an "anti-SLAPP" motion, asserting that the complaint arose from constitutionally protected activity. (§ 425.16, subd. (b)(1) ["A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike"]; *Barrett v. Rosenthal* (2006) 40 Cal.4th 33, 41, fn. 4 [web sites accessible to the public are "public forums" for purposes of the SLAPP statute].) In part, Fleming argued that Gibson was a public figure based upon his laudatory self-description stated in many Internet sites. Fleming pointed out that a web site stated that Gibson was a "successful public figure" who performs "great work with international governments . . . in the humanitarian realm."

Gibson opposed the special motion and declared that he was an investment banker who had acquired the honorary title of "Lord" through the purchase of land in England. Gibson stated that he is an English citizen but not a public official or member of Parliament. Gibson declared that in 2011, he employed an Internet consultant to repair the damage to his reputation caused by Fleming's Internet communications. The consultant issued press releases and created 10 websites to describe Gibson's good works. Gibson denied associating with organized crime or engaging in illegal or fraudulent acts.

Following a hearing, the trial court denied Fleming's motion, ruling in part that he did not meet his initial burden of establishing that he made a "written or oral statement or writing . . . [in] a public forum in connection with an issue of public interest." (§ 425.16, subd. (e)(3).) The court determined that Gibson was not an "all-purpose public figure," but was, at best, "a limited public figure." In part, the court reasoned: "[Fleming] cannot simply rely on the alleged 'admission' by 'Lord Gibson' that he is a public figure. []Such self-aggrandizing puffing occurs on many . . . Facebook page[s], but does not make each [person] a public figure.[]" In view of its resolution, the

2

court did not consider whether Gibson established a probability of prevailing on his claims.

Fleming appeals and challenges the trial court's ruling. Gibson has not filed a response. In his reply argument filed in the trial court, Gibson states that Fleming has removed particular objectionable postings from his web site.

*DISCUSSION*

Fleming argues that Gibson's complaint arises from Fleming's statements made in a public forum in connection with an issue of public interest. (§ 425.16, subd. (e)(3) & (4).) He likens himself to a "consumer watchdog" and points out that Gibson's web sites state that he is a "successful public figure[]," a humanitarian, and an "Ambassador at Large" for West Africa.

Section 425.16, subdivision (b)(1) provides that a cause of action arising from a defendant's act in furtherance of a constitutionally protected right of free speech may be struck unless the plaintiff establishes he is likely to prevail on his claims. The analysis of an anti-SLAPP motion pursuant to this section is two-fold. (*Cole v. Patricia A. Meyer & Associates, APC* (2012) 206 Cal.App.4th 1095, 1104.) The trial court first decides whether defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. If the court finds that a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on his claim. (*Ibid.*) We independently review the trial court's determination of each step of the analysis. (*Annette F. v. Sharon S.* (2004) 119 Cal.App.4th 1146, 1159; *Seelig v. Infinity Broadcasting Corp.* (2002) 97 Cal.App.4th 798, 807.)

Jurisprudence generally recognizes two types of public figures. (*Annette F. v. Sharon S.*, *supra*, 119 Cal.App.4th 1146, 1163.) The first is an "all purpose" public figure who has achieved such fame or notoriety that he becomes a public figure for all purposes and in all contexts. (*Ibid.*) The second is a "limited purpose" or "vortex" public figure who injects himself or is drawn into a particular public controversy and becomes a public figure for limited issues. (*Ibid.*) Unlike the "all purpose" public figure, the limited purpose public figure loses certain protection for his reputation only to the extent that the

3

alleged defamation relates to his role in a public controversy. (*Ibid.*; *Ampex Corp. v. Cargle* (2005) 128 Cal.App.4th 1569, 1577 [limited purpose public figure requires a public controversy, debated publicly with foreseeable and substantial ramifications for nonparticipants].) In "exceedingly rare" cases, a third type of public figure, the "involuntary" public figure, exists. (*Gertz v. Robert Welch* (1974) 418 U.S. 323, 345 [involuntary public figures hold "roles of special prominence in the affairs of society"].) Whether the plaintiff alleging a defamation action is a public figure is a question of law. (*Gallagher v. Connell*, *supra*, 123 Cal.App.4th 1260, 1272.)

In our independent review, Fleming has not established that Gibson's complaint arose from Fleming's constitutionally protected speech. Gibson is not a public figure, and is at best, a limited public figure. "Limited-purpose public figures are those who have thrust themselves before the public in order to influence the resolution of a particular public controversy." (*Gallagher v. Connell*, *supra*, 123 Cal.App.4th 1260, 1273.) There is no public controversy regarding Gibson; Fleming's communications are near-incomprehensible and unintelligible, involving conspiracies, international bills of exchange, persons incarcerated in Bangkok jails, and persons arrested for crimes in Asian countries, among other things. There was no controversy at all until Fleming published his articles and linked them to other web sites, requiring Gibson to defend his reputation.

The order is affirmed. Costs are awarded to respondent.

NOT TO BE PUBLISHED.

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

4

Barbara A. Lane, Judge

Superior Court County of Ventura

_____

Law Offices of David J. Harter, David J. Harter; The Ressler Firm, ALC, Kurt A. Ressler for Defendant and Appellant.

No appearance for Plaintiff and Respondent.